**STATE of Missouri, Plaintiff-Respondent,**

v.

**Eugene Lee BELL, Defendant-Appellant.**
**No. 53923.**

Supreme Court of Missouri,

Division No. 1.

June 9, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied July 14, 1969.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from 10-year sentence under Second Offender Act, upon jury verdict of guilty of burglary in the first degree.

At around 2:00 A.M., July 18, 1967, Ronald Sprengnether, the next door neighbor of Mr. Walter Dammer who lived at 3127 Longfellow Boulevard in the City of St. Louis, heard noises in Mr. Dammer's driveway. He decided that there were persons in the Dammer driveway and suggested that his mother call the police. She did so and when Sprengnether returned and looked out the window he saw three persons. He heard the sound of breaking glass and then saw a side door of the Dammer house open and two persons entered it.

Sprengnether's mother watched the three men. When she first saw them, they were trying to open a side door of the Dammer house. She saw one of the men go to a window, heard the "tingling" of glass and saw the man lift the lower sash and climb through the window.

Dammer, in bed on the second floor of his residence, heard the sound of breaking glass. He went down to investigate, but saw that the door to the outside was still barricaded, as he had left it, and decided that he just heard something and went back to bed. Before long, he saw a police car outside his house, and a police officer called to him that three men were in his house. Dammer left the house and the police officers entered.

One officer went to a side door where he found a man with a stocking mask over his face. Another officer with a dog found the appellant Eugene Lee Bell and another man on the third floor of the house. The three intruders were placed under arrest and the three were jointly indicted for burglary in the first degree. Bell was tried separately and found guilty by the jury of first degree burglary.

On this appeal, appellant contends that the trial court erred in failing to instruct on burglary in the second degree. The appellant's trial counsel offered such an instruction, but the trial court refused to give it. If the evidence authorized an instruction on burglary in the second degree, the trial court was required to give such an instruction, whether tendered or not.

Appellant's contention is that the evidence warranted a second degree burglary

instruction because the evidence was susceptible of interpretation that the entering of the Dammer house was not accomplished through a forcible breaking, required in first degree burglary. The case was submitted to the jury on the basis of that portion of § 560.040, RSMo 1959, V.A.M.S., which reads as follows:

"Every person who is convicted of breaking into and entering the dwelling house of another, in which there is at the time some human being, with intent to commit some felony or to steal therein, either: First, by forcibly bursting or breaking the wall or outer door, window or shutter of a window of such house, or the lock or bolt of such door, or the fastening of such window or shutter; * * *." (No submission was offered under a second mode of entry, sufficient to constitute burglary in the first degree, to-wit: "by breaking in any other manner, * * * with the assistance and aid of one or more confederates, then actually present, aiding and assisting * * *." § 560.040, supra.)

Appellant contends that, under the evidence, it could reasonably have been found that the entry was not accompanied by a forcible breaking of the window of the Dammer house. The basis of his argument is as follows: Dammer testified that the glass in the window through which the first intruder entered had previously been broken when a boy threw a small piece of a brick through it. Dammer did not replace the glass, but he placed over the broken glass another piece of glass which he affixed firmly in place by driving nails into the window frame. After the arrest of Bell and his companions, the "patching" glass was found next to Dammer's drive. It had a crack through the center, but was otherwise intact. Appellant argues, in effect, that the outer piece of glass might have been removed by merely slipping it out, thereby permitting a person to reach the latch and open the window. He would equate such action with the removal of a screen, held in State v. Wilson, 225 Mo. 503, 125 S.W. 479, to constitute burglary in

the second degree. Second degree burglary is a lesser, included offense in a charge of burglary in the first degree. State v. Fritz, Mo.Sup., 379 S.W.2d 589, 590 [1]. However, the testimony of both Dammer and his neighbors was that they heard the sound of breaking glass. Dammer testified that, when he covered the hole in the broken glass, he was unable to reach through the hole and release the window latch. He testified that, following the entry, the hole was twice as large as it had been earlier. Thus, the only evidence is that the entry was accompanied by a forcible breaking of the window. There being no evidence to warrant submission of an entry accomplished by other means, there was no basis for a finding of guilt of burglary in the second degree and the trial court did not err in failing to charge the jury on that offense. State v. Burns, Mo.Sup., 328 S.W.2d 711, 713–714 [5, 6]; State v. Washington, Mo.Sup., 357 S.W.2d 92, 94–95 [6–8]; State v. Allen, Mo.Sup., 343 S.W.2d 63, 65–66 [3].

■ Appellant contends that the trial court erred in overruling his objection to a portion of the circuit attorney's closing argument, which, according to appellant, constituted a comment upon the appellant's failure to testify. Appellant contends that Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, forbids argument such as that here employed.

The argument objected to was as follows:

"Now, I closed with my evidence yesterday. The defense could have forwarded any evidence they had.

"MR. ROACH: Your Honor,—

"(The following proceedings took place at the bench without the hearing of the jury:)

"MR. ROACH: This raises an inference that the defendant has not testified. That's about the only inference which can be raised. I object to this line of argu-

ment on that basis, as being in essence a comment upon the fact that the defendant has not testified.

"THE COURT: Well, in accordance with what our Supreme Court has been ruling, the objection is overruled.

"(Proceedings were then resumed within the hearing of the jury as follows:)

"MR. KITCHIN: As I started to say, after I closed the defense had nothing to offer in the way of evidence at all, absolutely nothing, so the only evidence you have is the State's case."

Numerous cases have held that such argument is not violative of either state constitutional (Art. I, § 19, Mo.Const.1945) or statutory (§ 546.270, RSMo 1959, V.A.M. S., Criminal Rule 26.08, V.A.M.R.) protections against self-incrimination. State v. Kennedy, Mo.Sup., 396 S.W.2d 595, 598–599 [4, 5]; State v. Thompson, Mo.Sup., 425 S.W.2d 80, 85 [9]; State v. Hayzlett, Mo.Sup., 265 S.W.2d 321, 324 [5, 6]. As pointed out in State v. Kennedy, supra, "And in no event could this or any other case in Missouri involve the same problems presented in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, because in California, among other distinguishing factors, the trial court specifically instructed the jury that 'if he does not testify * * * the jury may take that failure into consideration * * * as indicating that among the inferences that may be reasonably drawn therefrom those unfavorable to the defendant are more probable." 396 S.W.2d 598–599 [4, 5].

■ We also note appellant's pro se contention that the indictment under which he was tried was insufficient because it failed to specify the legal ownership of the premises burglarized and failed to identify the person occupying the premises. The indictment charged that defendant entered "the dwelling house of Walter Dammer, situated at 3127 Longfellow Blvd." This was a sufficient allegation of ownership. State v. Carey, 318 Mo. 813, 1 S.W.2d 143, 146 [10]. State v. Ford, Mo.Sup., 403 S.W.2d 611, relied upon by appellant, recognizes that an allegation that the place burglarized was the "dwelling house of" a certain person is a sufficient allegation of ownership in a burglary charge.

■ The failure of the indictment to identify the occupant of the house does not make it defective. The allegation, in the language of the statute, "in which dwelling house there was at the time a human being" is sufficient. See Dunn v. Commonwealth, Ky., 350 S.W.2d 709, 711 [6].

■ Appellant's final contention is that he was tried on an information, substituted for an indictment, without a preliminary hearing prior to the filing of the information. Assuming that such was the situation, § 544.250, RSMo 1959, V.A.M.S., dispenses with the requirement of a preliminary hearing.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HENLEY, P. J., and STORCKMAN, J., concur.

SEILER, J., concurs under compulsion of State v. Baker, Mo.Sup., 439 S.W.2d 515.