STATE of Missouri, Plaintiff-Respondent,

v.

Robert McCOY, Defendant-Appellant.

No. 36623.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 21, 1975.

Motion for Rehearing or Transfer
Denied Nov. 19, 1975.

Charles D. Kitchin, Public Defender, Henry J. Rieke, Frank P. Fabbri, III, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Mark A. Brown, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant Robert McCoy appeals from his conviction for assault with intent to ravish with malice aforethought, § 559.180, RSMo.1969, for which he was sentenced to twenty-five years in the department of corrections under the Second Offender Act, § 556.280, RSMo.1969. He appeals his conviction claiming only that the trial court committed reversible error in refusing to submit to the jury an instruction on assault with intent to ravish without malice, a lesser included offense. § 559.190, RSMo.1969. We affirm the conviction for the reasons that follow.

Shortly before midnight on May 17, 1974, defendant accosted a sixteen year old girl while she was walking home from a friend's house. Defendant drew a knife from the umbrella he carried and ordered the girl into a nearby vacant lot. She refused and ran into the street where she unsuccessfully attempted to stop passing cars. Defendant pursued and overtook her, put the knife against her throat and forced her to accompany him to another vacant lot. While crossing the street, defendant warned her to "shut up" or he would hurt her. Upon reaching the lot, the girl began to scream. Defendant struck her across the face several times with his closed fist and she fell to the ground. Defendant then got on top of her and started to undo her clothing. The girl continued screaming and struggling intermittently for some time. Defendant alternately bit her, struck her with the knife handle, cut her finger, choked her, and tried to pull her slacks off.

At approximately 1:10 a. m., May 18, 1975, Officers Dickens and Marre of the City of St. Louis Police Department heard a broadcast on their car radio reporting a rape in progress. They drove to the area, proceeded to the vacant lot, observed a man on top of another person hitting the one underneath. The two officers gave chase. They observed a metal object in the subject's hand which reflected the street lights. Defendant tripped and fell, dropping the object. He was apprehended and the object, a knife, was retrieved nearby. Officer Marre did not lose sight of defendant from the time he observed him on top of the victim in the vacant lot until he was taken into custody. The officer observed no one else but defendant and the victim. The girl was bleeding, needed assistance to walk, and lost consciousness when she reached the sidewalk. She was hospitalized for five days.

Defendant presented no evidence. During the cross-examination of an arresting officer, however, it was revealed that, when taken into custody, defendant stated to the officer that one Floyd Hanes had dragged the victim into the lot and ravished her while defendant merely watched.

The trial court instructed the jury on assault with intent to ravish with malice. Defendant's requested instructions on common assault and assault with intent to ravish without malice were rejected. Defendant assigns as error only the rejection of the latter instruction which read in part as follows:

"If you find and believe from the evidence beyond a reasonable doubt:

"First, that on or about the 18th day of May, 1974, in the City of St. Louis, State of Missouri, the defendant *assaulted* [victim's name], and

"Second, that he did so *with intent to do great bodily harm* to [victim's name] then you will find the defendant guilty of *as-*

sault with intent to do great bodily harm without malice aforethought." (Emphasis added.)

The instruction makes no reference to an intent to ravish. The state contends that the submitted instruction was therefore erroneous and was properly refused. The state is partially correct. The trial court is not required to submit an incorrect instruction to the jury. Nevertheless, the trial court is required by Rule 26.02(6) to instruct on all the law of the case necessary for the jury's guidance in rendering their verdict whether requested or not. *State v. Watson*, 364 S.W.2d 519, 522[3–8] (Mo.1963); *State v. Walker*, 505 S.W.2d 119, 121[5–8] (Mo.App.1973).

Whether an instruction upon a lesser or included offense is required, however, depends upon a consideration of the evidence presented. "An instruction on the lesser or included offense is required only if there is evidence to support such a submission. Where the evidence so clearly shows the commission of the more serious crime as charged that no other interpretation of the defendant's conduct is reasonably possible, * * * " a defendant is not entitled to an instruction on the lesser or included offense. *State v. Watson, supra*, 364 S.W.2d at 522[3–8]; *State v. Webb*, 518 S.W.2d 317, 321[4] (Mo.App.1975).

The distinction between an assault with malice, § 559.180, and an assault without malice, § 559.190, "lies in a general weighing together of all of the facts and circumstances including the comparative strength and positions of the parties, the presence or absence of 'provocation' or justifying, mitigating, excusing or aggravating circumstances, the weapon or means or force employed, the manner in which the weapon or force was employed, the injury sustained, etc." Richardson, *The Missouri Bar Committee Comments on Missouri Approved Criminal Instructions*, Assault, p. 22 (1974).

We decline to accept defendant's suggestion that the victim's screams can be considered provocation or supply justification or excuse for striking her. Moreover, "[t]he law presumes malice as a concomitant of an assault with a deadly weapon in the absence, * * * of countervailing testimony or circumstances." *State v. Ayers*, 305 S.W.2d 484, 486[2] (Mo.1957). The evidence leaves no doubt that appellant used a knife in attempting to effect his purpose. Neither did appellant present any evidence to counter the presumption of malice raised by his use of the knife. His only theory, brought out during cross-examination of the arresting officer, appears to be his self-serving statement that it was someone else and not he who assaulted the victim.

The state's evidence proved that if any assault was committed, it was committed with a knife and for the purpose of raping the victim. Defendant made no claim, nor did he submit any evidence to prove that he engaged in an assault for any other purpose or without a deadly weapon. On this record, he was either guilty of assault with intent to ravish with malice or he was not guilty of any offense. See *State v. Washington*, 357 S.W.2d 92, 94[6] (Mo. 1962); *State v. Norris*, 365 S.W.2d 501, 504[4] (Mo.1963); *State v. Ayers, supra*, 305 S.W.2d at 486[4]. Since no evidence appears that would justify an instruction on assault with intent to ravish without malice, the court did not err by failing to instruct thereon. *State v. Webb, supra*, 518 S.W.2d at 321[8].

Appellant's conviction is affirmed.

DOWD and RENDLEN, JJ., concur.