**STATE of Missouri, Respondent,**

v.

**Rayfield Rene JOHNSON, Appellant.**

**No. 36908.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 18, 1976.

Rehearing Denied June 15, 1976.

Gael T. Infande, Peter Collary, Huck, Kasten & LaBeaume, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert L. Presson, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

The State charged defendant Rayfield Johnson by Count I with first degree burglary and by Count II with rape. The jury found him guilty of both crimes and the court sentenced him to five years' imprisonment for burglary and twenty-five years for rape.

On appeal defendant challenges the sufficiency of the indictment and the evidence, the submission of two offenses at a single trial, and the trial court's failure to give MAI–CR 2.70 on separate consideration of evidence of each crime. These contentions in turn.

In related points concerning the first degree burglary conviction defendant contends the indictment was sufficient only to charge, and the evidence sufficient only to prove, second degree burglary. This, defendant argues, since there was neither a charge nor evidence of forcible breaking.

Relevant to these challenges are the words of § 560.040, RSMo.1969, declaring a person guilty of first degree burglary who makes entry "by forcibly bursting or breaking the . . . window . . . or the fastening of such window . . . ." The indictment charged defendant "did break and enter" the dwelling "by unlatching and opening a window."

■ Defendant's attack on the indictment mistakenly relies on State v. Young, 345 Mo. 407, 133 S.W.2d 404 (1939). There, the court pointed to the specific statutory manner of burglarious entry and faulted the information for failing to specify the manner of entry since it charged defendant only with "feloniously and forcibly entering the front door." The court ruled: "The manner of the breaking into a dwelling house is one of the ingredients of burglary in the first degree." Young does not help defendant since the indictment here did charge the manner of entry "by unlatching and opening a window." We hold the indictment charged first degree burglary.

Defendant contends the evidence does not support the State's submission that there was a "breaking of the fastening of an outer window by force." This, since police found only disturbed dust on the window sill and no objective signs of forcible breaking. We review the evidence of entry. The kitchen window of the prosecutrix' home was closed and locked when she went to bed and open when her assailant left. This window had a metal frame, was hinged at the top and opened outward; it was fas-

tened at the bottom by a latch on the inside. The latch had worn loose and the window could be—and the prosecutrix had on two occasions—opened it from the outside by sliding a screwdriver or a plastic card under the bottom of the window to disengage the latch. As she slept, the prosecutrix was momentarily awakened by "a clicking sound"; while her assailant was inside the house he was armed with "a sharp metal object."

■ This evidence sufficed to prove entry by forcibly breaking the kitchen window. Precedent rarely provides a "case on all fours" but it comes close here. In the first degree burglary case of State v. Moore, 117 Mo. 395, 22 S.W. 1086[5] (1893) the court held: "Here the evidence showed that the house was closed, and it was entered by a window that was fastened with a clasp over the lower sash. To get into the window this clasp must be removed from over this sash. It could be done with a knife or a sharp stick. There is no sort of doubt that the thief both entered and fled through this window, nor that it was fastened. The lifting of the window clasp, and thus effecting an opening, was a breaking, within the meaning of our statute."

We deny defendant's challenges to the sufficiency of the indictment and the evidence on the charge of first degree burglary.

■ Akin to this, defendant contends the trial court erred in failing to instruct on second degree burglary, citing State v. Bell, 442 S.W.2d 535 (Mo.1969). Bell ruled this necessary if, but only if, the evidence shows entry in some manner other than by a forcible breaking, and held a second degree burglary instruction improper where the only evidence of entry was by forcibly breaking a window. Here, entry was through the prosecutrix' locked window, possible only by unlatching the window from the outside. There was no evidence to support an instruction on entry in a manner other than forcible breaking, so the trial court properly declined to instruct on second degree burglary.

Defendant separately challenges the sufficiency of evidence on the charge of rape. He did not testify but did present alibi witnesses. He does not challenge the *fact* of rape, only proof of his identity.

According to the prosecutrix, the rapist held a sleeping bag over her head before and during the rape; before being raped prosecutrix threw it off momentarily and saw the rapist standing between her bed and the partially opened door into a lighted bathroom. She had seen defendant on previous occasions; some days later she again saw him on the street. She then notified the police and later identified defendant by photographs and at a lineup. In court, prosecutrix identified defendant as her attacker. This testimony of identity was vigorously challenged by cross examination which tended to weaken the defendant's identification but the jury chose to accept the prosecutrix' evidence and reject defendant's alibi evidence.

▆▆▆ Defendant's present attack on the sufficiency of identification evidence goes to its weight, and that was a jury issue. We hold there was sufficient evidence to establish defendant's identity. Compare *State v. Tucker,* 451 S.W.2d 91[4, 5] (Mo. 1970), holding: " 'The testimony of a single witness, if believed by the jury beyond a reasonable doubt, is sufficient to establish the identity.' " We deny defendant's challenge to the sufficiency of the evidence.

▆▆▆ Defendant contended below, and contends here, that the State had no right in a single trial to try him for the two offenses of burglary and rape. He concedes Rule 24.04, VAMR permits the joinder of offenses which as here are part of the same transaction. Defendant contends, however, that Rule 24.04 impermissibly changes the *substantive* law. We deny that on the authority of *State v. Baker,* 524 S.W.2d 122[5] (Mo.1975), which analyzed the same contention, denied it, and held flatly: "Rule 24.04 is a procedural rule."

▆▆▆ In the argument section of his brief defendant claims prejudicial error in the trial court's failure to give mandatory MAI–CR 2.70 requiring separate consideration of evidence on each of dually submitted felonies. Defendant did not raise this point either at trial or in his motion for new trial and thereby failed to preserve the point for appellate review. *State v. Newman,* 514 S.W.2d 527[1, 2] (Mo.1974). Furthermore, defendant raises the point imprecisely and abstractly in his Points Relied On.[1] For this additional reason the point is not reviewable since it fails to comply with Rule 84.04(d) by stating wherein and why the trial court erred. "Defendant's point [relied on] should have precisely isolated the issues and the facts relating thereto . . . because an appellate court is not required to search either the transcript on appeal or the argument portion of the brief to discover the meaning of a point presented in a conclusionary and abstract fashion." *State v. Gardner,* 534 S.W.2d 284[6] (Mo.App. 1976). See also *State v. McCarthy,* 336 S.W.2d 411[3] (Mo.1960).

▆▆▆ The State concedes error but not prejudice in the trial court's failure to give MAI–CR 2.70 since by Rule 20.02(e) the omission was error, but "its prejudicial effect [is] to be judicially determined." Had the point been preserved we would require the State to demonstrate a lack of prejudice. *Watterson v. Portas,* 466 S.W.2d 129[5, 6] (Mo.App.1971). But since defendant failed to preserve the point we limit our inquiry to whether the omission was plain error under Rule 27.20(c). By its own terms that rule applies only if the failure to instruct has caused manifest injustice. See *State v. Broomfield,* 510 S.W.2d 843[1] (Mo. App.1974). We consider defendant's point in that light.

▆▆▆ Notes on Use to omitted MAI–CR 2.70 declare that where multiple counts are submitted the instruction's purpose is to tell the jury that evidence on separate counts is

---

1. "The court erred in failing to given an instruction from the group of instructions numbered from MAI–CR 2.70 to 2.77 inclusive immediately before MAI–CR 2.80 in the present case which involved multiple counts."

**820**

not to be intermingled but is to be considered separately.

Here, the burglarious entry and the rape were clearly "part of the same transaction." But the testimony about each offense was distinct and unrelated to the other. There were separate verdict directors on burglary and rape, each carrying a tail directing acquittal if the jury did not believe every submitted element. The court also gave a separate MAI–CR 3.02 converse instruction to each verdict director. Further pinpointing the issues, the trial court gave the jury four verdict forms: guilty of burglary, not guilty of burglary, guilty of rape, and not guilty of rape.

We hold that reading the instructions together and considering the explicit verdict forms there was no room for the jury to intermingle the evidence of burglary and the evidence of rape. We therefore find there was no manifest injustice by failure to give MAI–CR 2.70 and hence no plain error.

Judgment affirmed.

DOWD and STEWART, JJ., concur.