**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Jaronda HOUSTON, Defendant-Appellant.**

**No. 37585.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 31, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Application to Transfer Denied
Nov. 8, 1976.

Robert C. Babione, Marilyn Wallach, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Charles Sindel, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of the illegal sale of marihuana, a felony, in violation of § 195.020 RSMo. Supp.1975.[1] The jury affixed punishment at five years imprisonment. On appeal, defendant charges that the trial court erroneously failed to instruct the jury on the lesser or included offense of first offense possession of 35 grams or less of marihuana, a misdemeanor under § 195.-200.1(1)(a). Defendant also claims error as a result of prosecutorial argument. We find that the evidence does not support the giving of a possession instruction, nor did the prosecutor's argument require mistrial. We therefore affirm the judgment.

In the State's case, two undercover St. Louis police officers assigned to the Tactical Anticrime Team testified that defendant approached them and offered to sell them a $5.00 package of marihuana. One of the officers gave the defendant $2.00, and the defendant was thereupon arrested for an illegal sale of marihuana, a § 195.020 violation, and a felony under § 195.200.1(4).

Defendant's evidence was that he had approached one of the officers and had asked for a marihuana cigarette; that the officer responded that he had none but he, too, would like to have a "joint." Defendant then offered to take the police where a buy could be made. According to the defendant, he took $2.50 from one of the officers and with a contribution of $2.50 of his own money, he made a purchase of a $5.00 package of marihuana from a third person. He then gave the marihuana to one of the police officers, intending to share it equally with them. Shortly after the

---

1. Statutory references are to RSMo. Supp.1975, unless otherwise noted.

defendant gave the bag of marihuana to the police he was arrested for the illegal sale. Therefore, under both the police and defendant's versions of the transaction, the police gave defendant some money and the defendant gave the police some marihuana.

The jury was instructed in accordance with MAI–CR 14.10 on the illegal sale of marihuana, but defendant's instruction covering only possession of marihuana was refused. Defendant admits his possession of the marihuana but denies any sale of it. It is defendant's contention that the possession of marihuana is a lesser or included offense of a sale and that an instruction on possession was mandatory. We disagree with defendant's contention that a possession instruction was necessary, for we find under the circumstances of this case that defendant's possession of the marihuana was not a lesser or included offense of the greater offense of sale. We find that there was no evidence to support a submission of possession of marihuana only. The evidence of both the State and the defendant was that the police gave the defendant money, and in exchange therefor the defendant gave the police marihuana. The defendant's testimony in this regard was crushing to his cause:

"Q. [prosecutor]. . . . You did sell them [the police] marijuana, is that right?
A. [defendant] Yes, sir."

Defendant readily admitted the exchange of money and marihuana between the police and him. Thus, there was no case of simple possession.

In *State v. McCoy,* 530 S.W.2d 8 l. c. 10 (Mo.App.1975) it was said:

"Whether an instruction upon a lesser or included offense is required, however, depends upon a consideration of the evidence presented. 'An instruction on the lesser or included offense is required only if there is evidence to support such a submission. *Where the evidence so clearly shows the commission of the more serious crime as charged that no other interpretation of the defendant's conduct is reasonably possible,* * * *' a defendant is not entitled to an instruction on the *lesser or included offense.*" (citing and quoting from *State v. Watson,* 364 S.W.2d 519, 522 (Mo.1963) and *State v. Webb,* 518 S.W.2d 317, 321 (Mo.App.1975). (Emphasis added).

There was no evidence by either the State or defendant from which the jury could find defendant's offense was mere possession of marihuana subject to the provisions of §§ 195.020 and 195.200.1(1)(a). The only evidence was that there was more than possession on defendant's part, for there was an exchange of marihuana for money. Accordingly, there was no evidentiary basis for instructing on possession, and the trial court did not err in failing to submit such an instruction. It is basic legal rubric that an instruction is not to be given where the evidence will not support it. *State v. Kelly,* 365 S.W.2d 602 (Mo.1963); *State v. Umfleet,* 538 S.W.2d 55 (Mo.App.1976); *State v. Lane,* 537 S.W.2d 569 (Mo.App.1976); *State v. Ivery,* 534 S.W.2d 107 (Mo.App. 1976); *State v. McCoy,* supra.

The case before us is similar to *State v. Sykes,* 478 S.W.2d 387 (Mo.1972), in which a sale of marihuana was found to have taken place where a law enforcement officer gave the defendant a sum of money for marihuana never established to have been in actual custody of the defendant but delivered to the law enforcement officer by a third party. In *Sykes,* the jury was instructed that a sale was the acceptance of payment for and delivery of an article at a fixed price to be paid. We believe that under the facts of this case, even according to the defendant's version, the officer gave defendant money and the defendant delivered the officer marihuana. Thus, no less than a sale of marihuana took place between the police officer and the defendant. See *State v. Lemon,* 504 S.W.2d 676 (Mo.App.1973).

A second issue raised by defendant concerns the prosecutor's closing argument which the defendant asserts should have resulted in a mistrial. During the closing argument, defendant's counsel stated to the jury that the arresting police officers were lying to make a sale case out

of a mere unlawful possession offense.[2] In retaliation, the prosecutor argued:

> "Ladies and gentlemen of the jury, Miss Wallach has gotten up and told you the defendant is guilty of possession but not guilty of sale, the officers lied and they made a sale case out of a mere possession case, but what Miss Wallach hasn't told you is that any time one person transfers marijuana or any other schedule substance to another person that's a delivery. That's the same thing as a sale. These police officers know this."

Defendant's counsel objected to the comment but did not request a mistrial. Defendant insists that whereas the defendant was charged with an illegal sale, the prosecutor's argument changed the offense to an illegal delivery.[3] The prosecutor explained to the jury that if the defendant's version were to be believed, there had been at least a delivery of marihuana, which under § 195.200.1(4) carried the same penalty as a sale; hence, the police did not have to prevaricate to seek a felony conviction against defendant. We find that the prosecutor's remarks were retaliatory in nature, and there was no abuse of the trial court's discretion in overruling defendant's objection or in failing sua sponte to declare a mistrial. *State v. Blankenship*, 536 S.W.2d 520 (Mo. App.1976); *State v. Knapp*, 534 S.W.2d 465 (Mo.App.1975).[4]

The judgment is affirmed.

SIMEONE, P. J., and KELLY, J., concur.

---

2. "I submit, yes, those police officers are lying, as harsh as that may sound. I'm sorry to have to say that. I wish I could believe a police officer is incapable of lying but that's not true. They're human beings just like the rest of us and I believe in order to make a sale they feel they had to tell the story the way they told you because if they told it the way it happened it wasn't a sale, it was possession. The police officer had to lie on the stand and Mr. Houston has admitted to a crime, he's admitted to a misdemeanor."

3. The defendant's argument on brief is broader than the specific objection made at trial, but we limit our consideration to the trial objection. *State v. Umfleet, supra; State v. Blankenship*, 536 S.W.2d 520 (Mo.App.1976).

4. Every instance of a prosecutor's exceeding limits of proper argument is not automatic ground for mistrial or reversal on appeal. *State v. Raspberry*, 452 S.W.2d 169 (Mo.1970); *State v. Knapp, supra*.