**STATE of Missouri, Respondent,**

v.

**Harry BURNETTE, Appellant.**

**No. 37622.**

Missouri Court of Appeals,
St. Louis District,
Division one.

March 8, 1977.

Motion for Rehearing or Transfer
Denied April 15, 1977.

Application to Transfer Denied May
10, 1977.

2. Section 559.009(3), RSMo. (1975 Supp.) Ten years to life imprisonment.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

The state charged defendant, a second offender, with first degree burglary (§ 560.-040, VAMS) by forcibly burglarizing an occupied dwelling. Following a guilty verdict the trial court sentenced him to 16 years' imprisonment.

On appeal defendant (1) claims error in failure to read mandatory instruction MAI–CR 1.06; (2) challenges the victim's identification testimony; (3) challenges hearsay evidence in a police report and (4) contends the trial court should have instructed on the lesser offense of second degree burglary. These points in turn.

Defendant's first point relied on abstractly states the trial court "erroneously and prejudicially omitted reading MAI–CR 1.06." Defendant did not object to the alleged omission at trial or in his motion for new trial, so the point is not preserved for appellate review. State v. Newman, 514 S.W.2d 527[2] (Mo.1974). Since defendant neither requests us to apply plain error Rule 27.20(c) nor demonstrates manifest injustice the point is denied. State v. Walker, 505 S.W.2d 119[5–8] (Mo.App.1973).

Defendant next challenges the victims' identification testimony because of a one-on-one confrontation at a police station a week after the burglary. We summarize this and other identification testimony. James Culpepper, residing in the burglarized home, was awakened by a noise downstairs. He saw the burglar "real clear" when downstairs, while going out of the house and when he was walking across the back yard. He described the burglar to police by detailed physical features. When defendant was arrested a week later Culpepper identified him as the burglar while sitting alone at the police station.

Defendant challenged Culpepper's identification by a motion to suppress, but after a hearing, the trial court denied it, ruling: "Under a totality of the circumstances shown in this cause, the identification of the defendant has a source independent of any alleged illegal lineup, and this finding is made beyond a reasonable doubt." Then, at trial, witness Culpepper related his three views of the burglar in action and identified defendant as the burglar.

We have considered the trial court's ruling in light of the test announced in State v. Hudson, 508 S.W.2d 707[7–9] (Mo.App.1974): "In evaluating the suggestiveness of a particular confrontation and the likelihood of misidentification, we look to factors such as the opportunity of the witness to view the accused at the time of the alleged crime, the accuracy of the witness's prior description of the accused, the certainty of the witness at the confrontation, the length of time between the crime and the confrontation, and need for police to determine at the earliest opportunity [once] the person suspected is in fact the person sought." We hold the trial court did not err in denying defendant's motion to suppress.

Defendant's next challenge is to the admission of hearsay evidence in a police report. In cross examining a police officer who had testified from an official report, defense counsel used the report without objection to attribute a statement to James Culpepper. On re-direct examination the state then read another part to explain the portion read by defense counsel. Defendant's objection falls under the curative admissibility rule. *State v. Scaturro,* 509 S.W.2d 491 (Mo.App.1974), held that a party who reads into evidence certain parts of a document cannot thereafter object to the opponent's use of other portions relevant to and explanatory of those already read. This negates defendant's contention.

Defendant's last point is the trial court's failure to instruct on second degree burglary. *State v. Bell,* 442 S.W.2d 535[1–3] (Mo.1969), held it improper to instruct on second degree burglary when the evidence shows only forcible entry of an occupied dwelling. Here, the homeowner testified the back door was locked the morning of the burglary. James Culpepper, sleeping upstairs, was awakened by a "banging, breaking" sound. After seeing defendant go out the back door, he saw that the lock on the back door was "busted." The only evidence of manner of entry was that it was forcible. The trial court properly concluded a second degree burglary instruction should not be given. *State v. Johnson,* 537 S.W.2d 816[3, 4] (Mo.App.1976).

Judgment affirmed.

DOWD and WEIER, JJ., concur.