**STATE of Missouri, Plaintiff-Respondent,**

v.

**Tommy JONES, Defendant-Appellant.**

No. 38769.

Missouri Court of Appeals, St. Louis District, Division Three.

Sept. 6, 1977.

Robert C. Babione, Public Defender, Terry Burnet, Asst. Public Defender, St. Louis, for defendant-appellant.

George A. Peach, Circuit Atty., Terrence J. O'Toole, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of two counts of robbery with a dangerous and deadly weapon. Defendant's conviction was based on the positive identification of him by the two victims of the robbery and two other eye witnesses. The identification of defendant was unequivocal. The sole issue on appeal is whether the trial court committed plain error in failing to give MAI–CR 2.70 on verdict possibilities, as the defendant was charged with distinct offenses in separate counts.

Defendant failed to raise this point at trial and in his motion for new trial. Thus, the point has not been preserved for appeal review, and we limit our inquiry to whether the omission was plain error causing manifest injustice under Rule 27.-20(c). *State v. Johnson*, 537 S.W.2d 816 (Mo.App.1976). We find no plain error to exist.

Judge Clemens in *State v. Johnson*, supra, gives a concise and complete answer to defendant's argument regarding the omission of the MAI–CR 2.70 instruction. In *Johnson*, the defendant made the identical complaint as in this case—that the trial court erred in failing to give MAI–CR 2.70 requiring separate consideration of the evidence on each of the two felony counts. It was held in *Johnson* that there was no manifest injustice. Hence, there was no plain error for failing to give MAI–CR 2.70, as there were separate verdict directors on each count, "each carrying a tail directing acquittal if the jury did not believe every submitted element." In *Johnson*, the jury was also given a separate MAI–CR 3.02 converse instruction to each verdict director, and separate verdict forms for each count.

The identical situation exists in this case as in *Johnson* with regard to the verdict directors, converse instructions and separate forms of verdict. This case falls squarely within the ambit of *State v. Johnson*, supra, and we affirm the judgment.

KELLY, P. J., and WEIER, J., concur.