**Harry BURNETT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39799.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 12, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1978.

Application to Transfer Denied
Dec. 18, 1978.

---

Huck & Kasten, James W. Huck, Thomas C. Mummert, III, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, J. Michael Davis, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from denial of his Rule 27.26 motion.

He was convicted by a jury of first degree burglary by forcibly burglarizing an occupied dwelling on October 29, 1975. His conviction was affirmed on appeal in *State v. Burnette,* 549 S.W.2d 352 (Mo.App.1977).

On September 14, 1977 defendant filed a Rule 27.26 motion alleging as grounds therefor (1) newly discovered evidence in the form of witnesses which he was unable to locate and was forced to trial by the trial court without them, and (2) ineffective assistance of counsel in that counsel was forced to trial by the trial court before counsel could find two alibi witnesses.

The court records show that the original information was filed on December 19, 1974, and the trial was started October 28, 1975. On April 14, 1975 defendant was granted a continuance on the ground that his witnesses were presently unavailable. He made no other request for continuance.

On October 12, 1977, the trial court denied defendant's Rule 27.26 motion without an evidentiary hearing from which order defendant takes issue.

■ In order to be entitled to an evidentiary hearing on a Rule 27.26 motion a defendant must: (1) Allege facts, as opposed to conclusions, warranting relief, (2) raise matters not refuted by the files and records in the case and (3) show the matters complained of resulted in prejudice to the defendant. *Grant v. State,* 561 S.W.2d 739 (Mo.App.1978).

■ Defendant's complaints in his Rule 27.26 motion are really one and the same, that is, he was unable to present two alibi witnesses by reason of action of the trial court. He states he (1) "was unable to locate them because the Court forced movant to trial while movant was still searching for them," and (2) "Movant was deprived of effective assistance of counsel . . ., in that, counsel was forced to trial in this case by the Court before counsel could adequately seek out two important witnesses who could have proven that movant was nowhere around . . .." He does not state that his counsel had done anything wrong. The trial court was solely to blame, according to his motion.

■ Accordingly, his Rule 27.26 motion does not allege facts warranting relief. Neither newly discovered evidence nor mere trial error constitute grounds for relief. *Hatfield v. State,* 529 S.W.2d 180 (Mo.App. 1975). Rule 27.26(b)(3).

We conclude from his Rule 27.26 motion, the files, records and transcript that the judgment should be affirmed.

CLEMENS, P. J., and SMITH, J., concur.