Tommy JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. 40812.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 6, 1979.

Motion for Rehearing or Transfer
Denied Nov. 30, 1979.

James L. Rohlfing, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from an order of the circuit court denying his Rule 27.26 motion to vacate judgment and sentence.

In 1976, movant was convicted by a jury of two counts of robbery first degree. The jury assessed his punishment at five years on each count and the court made these sentences consecutive. An appeal to this court resulted in affirmance of movant's conviction. *State v. Jones*, 556 S.W.2d 211 (Mo.App.1977).

On March 22, 1978, movant filed this motion to vacate judgment and sentence. After making findings of fact and conclusions of law, the trial court denied his motion without an evidentiary hearing and without appointing counsel to aid movant.

Movant does not challenge the sufficiency of the trial court's findings of fact and conclusions of law. His sole point on appeal is that the trial court erred in not appointing counsel to assist him with his motion. He argues that his motion presented three questions of law requiring that counsel be appointed.[1] His brief sets forth these questions as follows:

1. "Whether or not the use of a dangerous and deadly weapon is an element of first degree robbery."

2. "Whether, if its use is not an element, the state should be allowed to introduce a weapon seized from the defendant into evidence."

---

1. Movant's motion also alleged ineffective assistance of counsel and that his arrest was illegal. Since he has not pressed these claims on appeal, they are deemed to be abandoned and will not be considered. *Herron v. State*, 498 S.W.2d 530, 531 (Mo.1973); *Shubert v. State*, 518 S.W.2d 326, 328 (Mo.App.1975).

3. "Whether the imposition on two counts arising out of only one criminal transaction is violative of appellant's constitutional rights against being placed in jeopardy."

In *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), our Supreme Court adopted a per se rule which requires the appointment of counsel for all indigents who file pro se Rule 27.26 motions. However, *Fields* is to be applied prospectively and is not controlling in this case.[2]

█ Prior to *Fields,* if an evidentiary hearing was not required, an attorney need not have been appointed. *Wilson v. State,* 582 S.W.2d 725, 726 (Mo.App.1979). And to be entitled to an evidentiary hearing, the movant must have pleaded facts, not conclusions, which if true, would entitle him to relief. *Winston v. State,* 533 S.W.2d 709, 714 (Mo.App.1976). Rule 27.26(h) also required appointment of counsel if the motion presented questions of law. We said in *Johnson v. State,* 579 S.W.2d 132 (Mo.App. 1979), that where a movant's motion raised questions of law, appointment of counsel could not depend upon whether an evidentiary hearing was held. However, before *Fields,* even where questions of law were raised, there were exceptions to the requirement that counsel be appointed.

█ Movant's first proposed question of law raises a point concerning the sufficiency of the information. Movant was charged with robbery first degree by means of a dangerous and deadly weapon. However, the case was submitted to the jury by use of MAI–CR 7.60, the robbery first degree instruction, and not MAI–CR 7.62, the robbery first degree by means of a dangerous and deadly weapon instruction. Movant argues that the State's information was insufficient because the weapon used in the crime, (a .22 caliber pellet gun) was not a dangerous or deadly weapon.

█ While the sufficiency of the information is a proper subject for review in a Rule 27.26 motion, *Henderson v. State,* 546 S.W.2d 546, 547 (Mo.App.1977), we do not believe that any procedural error by failure to appoint counsel in this case is grounds for reversal. As was stated in *Keeny v. State,* 461 S.W.2d 731, 732–33 (Mo.1971):

> An accused charged with robbery in the first degree by means of a dangerous and deadly weapon may be convicted of robbery in the first degree. Robbery in the first degree comprehends an act committed with or without a dangerous and deadly weapon. This element goes merely to the penalty, and the reference to this element may be treated as surplusage and disregarded. [citations omitted].

Therefore, we conclude as a matter of law that the information was not defective.

█ Question two raises a complaint about the admission of evidence at movant's trial and is not a matter for review in a post-conviction proceeding. *O'Neal v. State,* 486 S.W.2d 206, 207 (Mo.1972); *Mayo v. State,* 524 S.W.2d 181, 182 (Mo.App.1975).

█ Question three claims that movant's conviction for two counts of robbery arising out of the same transaction violates his right against being twice placed in jeopardy for the same offense. This court has held that a claim of double jeopardy is not cognizable in a Rule 27.26 motion.[3] *Williams v. State,* 567 S.W.2d 370, 371 (Mo.App. 1978). Furthermore, we find that movant's conviction for these two robberies of two different persons did not violate his guarantee against double jeopardy. *State v. Moton,* 476 S.W.2d 785 (Mo.1972) clearly holds that a person may be convicted for two counts of robbery arising out of the same transaction when two different persons were robbed.

█ Having reviewed each of the questions presented by movant, we conclude that the trial court was not clearly errone-

---

2. Movant filed his motion on March 26, 1978. The *Fields* decision was not handed down until November 6, 1978.

3. The Western District of this court held in *Weir v. State,* No. 30,018 (Mo.App.W.D. Feb. 2, 1979) transferred, March 29, 1979 that a double jeopardy claim may be raised for the first time in a Rule 27.26 motion.

ous in refusing to appoint counsel for movant.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.