**STATE of Missouri, Respondent,**

v.

**Ricky Allen PERKINS, Appellant.**

**No. 45404.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 1983.

Thomas R. Motley, Public Defender, Hannibal, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Mexico, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction, by a jury, of sale of a controlled substance in violation of § 195.020, RSMo. 1978 (current version at § 195.020, RSMo. Supp. 1982). The jury assessed punishment of seven years' imprisonment and the court sentenced defendant accordingly.

The state introduced evidence of the following facts. On February 13, 1981, three undercover police officers parked their car in front of a pool hall in Mexico, Missouri. They called defendant over to their car and asked him if he knew where they could get some marijuana. Defendant indicated he might be able to get them a bag "if this dude shows up." Defendant indicated a bag of marijuana would cost about $50.00 and asked if he could contribute $10.00 of that price for a proportionate share of the grass. At that point, an automobile driven by Tony Henderson pulled onto the parking lot and defendant said, "There is the dude now," and went over and spoke to Tony Henderson. Defendant returned to the officers' car and said he could get the marijuana but he needed the money first. One of the officers gave defendant $40.00. Defendant then went back over to Henderson's car. Henderson drove away, and defendant returned to the officers' car. When Henderson returned a few minutes later, defendant went over to Henderson, then came back to the officers' car, and took his share of the marijuana and gave the officers the remainder of the bag. At trial, defendant presented no evidence but, through his counsel, conceded he had been in possession of $10.00 worth of the marijuana but denied that he had made a sale.

In his first point on appeal, defendant contends the trial court erred in not submitting to the jury an instruction on the lesser included offense of possession of marijuana. The court submitted only an instruction on the offense of sale of marijuana which carries a greater penalty than possession. § 195.200, RSMo. 1978 (current version at § 195.200, RSMo. Supp.1982).

Defendant has not properly preserved this point for appeal. He failed to include the point in his motion for new trial as required by Rule 29.11(d), and he failed to set out the instruction in question in the argument portion of his brief as required by Rule 30.06(e). Therefore, the point is not subject to review. *State v. Swink,* 620

S.W.2d 63, 64 (Mo.App.1981); *State v. Burnette,* 549 S.W.2d 352, 353 (Mo.App.1977). Further, we find that defendant is entitled to no relief under the plain error doctrine set forth in Rule 30.20. In *State v. Houston,* 542 S.W.2d 85 (Mo.App.1976), faced with facts similar to the facts of this case, this court held that an instruction on possession was not required because "[t]here was no evidence by either the State or defendant from which the jury could find defendant's offense was mere possession." *Id.* at 87. The same is true in this case. Thus, the court's failure to give the possession instruction was not error and certainly was not plain error.

In his second point on appeal, defendant argues there was insufficient evidence to show he had the required intent or that he aided or encouraged Henderson in committing the offense. We rule this point too against the defendant.

■ First, we note that defendant was not charged with aiding or abetting; he was charged with selling. Thus, there was no need to show he aided or encouraged Henderson to commit the offense. § 195.-010(30), RSMo. 1978 (current version at § 195.010(32), RSMo. Supp.1982) provides:

> "Sale" includes barter, exchange, or gift or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee.

Therefore, proof that defendant acted either as the principal in the sale or as an agent for either the buyer or seller was sufficient to sustain his conviction for selling marijuana. *State v. Miles,* 599 S.W.2d 948, 950 (Mo.App.1980). Clearly, there was such proof.

■ Further, we find that there was sufficient evidence to support a finding that defendant had the requisite intent. Under § 562.021.2, RSMo. 1978, the culpable mental state required for selling a controlled substance "is established if a person acts purposely or knowingly or recklessly." There was overwhelming undisputed evidence here that defendant acted purposely and knowingly. The officers asked him if he could get them a bag of marijuana. He responded in the affirmative. He took their money and in return gave them a bag of marijuana. Clearly, he had the requisite culpable mental state. He knowingly and purposely exchanged a bag of marijuana for $40.00.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.