STATE of Missouri, Respondent,

v.

William Joseph WILEY, Appellant.

No. 52088.

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied March 13, 1967.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, Stanley D. Rostov, Sp. Asst. Atty. Gen., Kansas City, for respondent.

HIGGINS, Commissioner.

Appellant was convicted by a jury of felonious stealing. The court assessed his punishment at two-years' imprisonment in the penitentiary and sentenced him accordingly.

After charging appellant with felonious stealing from Macy's Clay County store, the sufficiency of which charge is not challenged, the amended information proceeds:

"It is further charged that the said defendant, WILLIAM JOSEPH WILEY, on or about June 4, 1951, was convicted of grand larceny in the Circuit Court of Benton County, Missouri, and sentenced to two years in the Missouri Department of Corrections:

"On January 14, 1960, defendant was convicted of robbery in the first degree and sentenced to five years in the Missouri Penitentiary * * *."

Appellant contends that the amended information was "insufficient to allege the second offender act, in that it did not allege that the defendant had previously been imprisoned in compliance with the prior conviction, and the issue of punishment was erroneously not submitted to the jury * *."

The second offense statute, Section 556.-280, V.A.M.S., provides:

"If any person convicted of any offense punishable by imprisonment in the penitentiary * * * shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows:

"(1) * * * shall receive such punishment * * * as the trial judge determines after the person has been convicted."

This section is "highly penal and * * * must be strictly construed," and both the prior conviction and subsequent probation, parole, fine or imprisonment

therefor must be pleaded and proved. State v. Hacker, Mo., 291 S.W.2d 155, 157 [1]. It is apparent that this amended information fails to allege the statutory requirement of being "subsequently placed on probation, paroled, fined or imprisoned therefor," in connection with either of the purported prior convictions and, for that reason, is not sufficient to invoke the statute here. State v. Watson, Mo., 383 S.W.2d 753, 756 [2]. Prior to 1959 this part of the statute read, "shall be discharged, either upon pardon or upon compliance with the sentence," and an information which failed to contain such an allegation was fatally defective. State v. Watson, supra; State v. Franck, Mo., 260 S.W.2d 52.

The court made no finding (State v. Caffey, Mo., 404 S.W.2d 171, 176 [3]) of the applicability of Section 556.280, but apparently assumed that it did apply and did not submit the issue of punishment to the jury, the verdict being limited to a finding of "guilty of felonious stealing." Section 560.161, V.A.M.S., provides punishment for felonious stealing at "imprisonment in the penitentiary for not more than ten years nor less than two years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment." It is only when the second offense statute is applicable that the court alone fixes the punishment and, when not applicable, "then the jury shall determine guilt *and punishment* as in other cases." Section 556.280(2), V.A.M.S. Appellant was prejudiced because the jury might have imposed a lesser punishment than that fixed by the court. State v. Young, Mo., 366 S.W.2d 386, 390 [8]; State v. Kiddoo, Mo., 354 S.W.2d 883, 886 [5].

Respondent, in an attempt to avoid a new trial, argues that the proof of prior conviction, sentence and imprisonment prior to the jury being sworn "were in effect an amendment to the information under * * * Sections 545.290 and 545.300," V.A.M.S., and Criminal Rule 24.02, V.A.M.R.

See State v. Williams, Mo., 382 S.W.2d 597, 600 [3], holding that proof of prior convictions under the act may be made by certified transcripts of serial records kept by the Missouri Department of Corrections, and State v. Crow,· Mo., 388 S.W.2d 817, 820 [3], permitting amendment of an information under Rule 24.02 at any time before verdict to incorporate allegations invoking the second offense act because such does not constitute a separate or different offense.

This contention must fail here because the record does not show any leave granted, any exercise of discretion, or any order, by the court, within the meaning of Sections 545.290 and 545.300 and Rule 24.02, from which it might be said that such an amendment was accomplished. See State v. Watson, supra, 383 S.W.2d 1. c. 758 [7]. And, as previously mentioned, the court made no finding of the applicability of the second offense provision. These inadequacies of the record are emphasized by the trial judge's own words upon argument on this point: "I don't think you need to take up any more time arguing that matter, because the Court is of the opinion that he was neither sufficiently and properly charged as being, as you call it, a second offender, some call it as an habitual criminal—and the Court now holds that he was neither sufficiently charged, definitely charged nor definitely proved, either one, and the Court so holds at this time."

Nevertheless, the court assessed punishment. a jury function in this case, and for that error the judgment must be reversed and the cause remanded.

Appellant does not contend that the evidence is not sufficient to sustain a conviction for felonious stealing but, in an attempt to secure outright reversal, argues that the court should have suppressed certain evidence without which the conviction could not stand. His precise contention is that the court erred in overruling his motion to suppress and admitting in evidence "items obtained by unreasonable, illegal and unconstitutional searches and seizures of appellant's automobile, said search not being an incident to a lawful arrest and the appellant not having intelligently and knowingly consenting (sic) to such search."

A pretrial hearing was held on appellant's Motion to Suppress evidence. Harry D. Quigley testified that on the date of the alleged crime, March 1, 1965, he was an officer of the Kansas City, Missouri, Police Department assigned to the Antioch Shopping Center area of Clay County, Missouri. He had occasion to observe appellant walking in the west parking lot at Antioch with a lady who was later found to be Mrs. Wiley. He placed him under arrest "at his automobile. * * * He was standing beside the automobile when he was contacted." Officer Quigley was accompanied by Lyndon Wynes, another Kansas City police officer. Prior to the arrest "We received a call to Macy's in the Antioch Shopping Center on a shoplifter. Upon our arrival we were contacted by the tailor * * who stated he had witnessed the parties involved take a suit or some clothing and walk out of the store without paying for it. * * * And he came from the store and pointed the people out as they were walking up the parking lot. We contacted them at the car * * *." When first seen by Officer Quigley, the Wileys were "twenty yards, maybe," from their car, walking toward it. Officer Quigley advised appellant that "he was under arrest for shoplifting in the Macy store." He searched appellant's person, "we looked in the automobile and then we asked * * * Mr. Wiley if he would open his trunk. He took the keys and opened the trunk lid. * * * we found in the trunk two suitcases and several items of clothing laying inside the trunk." He did not think the suitcases were opened at that time. The automobile was later removed to the police department, opened again, and the contents, including items not the subject of this case, removed. There was no search warrant. " * * * the items which the tailor said the parties had taken were identified * * * at the

scene. The tailor came to the car behind us and identified the clothes at the scene."

Lyndon Ray Wynes was the first of the two officers to arrive at Macy's in response to the theft report. He identified the informant as the tailor at Macy's, Mr. Nichols. He said that Sergeant Charles Thorp also arrived at the scene and participated in the search there. Officer Wynes was with Officer Quigley and also saw appellant for the first time when he was "approximately twenty yards away from his car." He arrested appellant when he was about ten yards from the automobile. He did not touch appellant but there was no question of an arrest having been made. "I walked up to him after we first got to the scene, there, and I asked him if he would mind opening his trunk. He didn't say anything at all, just went around and opened the trunk." He observed "a lady's suit laying on top in a sack, and I believe a suitcase." He didn't recall if the suitcases were opened at the scene. He also had no search warrant and no written consent to search was given.

The motion to suppress was overruled but was renewed at trial in connection with objections to the introduction in evidence of two pairs of men's pants and a lady's suit. There was some confusion in the evidence both on pretrial hearing and upon trial on whether the items were in the suitcase or on top and whether the suitcases were opened in the parking lot as well as later at the police station. Irrespective of confusion, however, Officer Quigley at the trial testified that the trousers which were admitted as part of the subject matter of this prosecution were found on top of the suitcase and that the suitcase in which the lady's dress in evidence was found had been opened in the parking lot.

■ "Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime * *.

This right to search and seize without a search warrant extends to things under the accused's immediate control." Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777.

■ In determining whether an accused's arrest is lawful, "the evidence will be viewed in the light most favorable to the state," State v. Cantrell, Mo., 310 S.W.2d 866, 868 [3], and under Section 84.710, V.A.M.S., Kansas City police officers Quigley and Wynes had the power to arrest appellant if they had reason to believe him to have violated any law of the state. These officers were given reliable information by Mr. Nichols when he showed them the accused on the way to his car and described the items which he accused appellant of stealing. The evidence shows also that they informed appellant he was under arrest at a point beside or in close proximity to his automobile. Such circumstances gave rise to a reasonable and lawful exercise of the officers' power of arrest; and the search which is shown to have followed immediately after appellant was told he was under arrest was an incident of lawful arrest which required neither warrant, advice on rights against self-incrimination, nor consent, and the evidence introduced in this case, found in the course of that search, is admissible. State v. Edwards, Mo., 317 S.W.2d 441, 445 [1–3]. In other words, the search and seizure was accomplished here at the time of and incident to the arrest, with removal of the discovered property being postponed until the accused, the arresting officers, and the automobile arrived at the police station. Such circumstances distinguish this case from State v. Edmondson, Mo., 379 S.W.2d 486, and Preston v. United States, supra, where the searches and seizures were unlawful because not conducted as an incident to the arrests but only after the cars were taken away to the police station or to a garage.

Appellant complains also of remarks of the judge in connection with his oral instruction to the jury on the desirability of

reaching a verdict. This need not be discussed because it is unlikely that such remarks would reoccur upon retrial.

Judgment reversed and cause remanded.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.