**STATE of Missouri, Respondent,**

**v.**

**Warren Allen MARTIN, Appellant.**

No. 48405.

Supreme Court of Missouri, Division No. 3.

June 9, 1969.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

Sloan Richard Wilson, Kansas City, for appellant.

ROBERT G. J. HOESTER, Special Judge.

On May 18, 1960, appellant was found guilty of Robbery in the First Degree and sentenced to twenty years in the Missouri Department of Corrections. On June 12, 1961, this Court affirmed the conviction. State v. Martin, Mo.Sup., 347 S.W.2d 680. The judgment of affirmance was set aside because appellant did not have counsel when his direct appeal was heard. Bosler v. Swenson, 8 Cir., 363 F.2d 154; Swenson v. Donnell, 8 Cir., 382 F.2d 248.

Appellant attacks the amended information on this appeal, claiming that it is insufficient as it relates to the Second Offense Act, § 556.280 RSMo 1959, V.A.M.S. If the information is faulty, imposition of sentence by the judge was improper and a jury should have imposed sentence.

The language contained in the amended information as it relates to the Second Offense Act, § 556.280 RSMo 1959, V.A.M.S., reads as follows:

"* * * on the 24th day of October, 1956, at the County of Jackson, State of Missouri, was convicted of a felony, to-wit: Robbery, First Degree, and was sentenced therefor to serve a term of 5 years in the Missouri State Penitentiary at Jefferson City, Missouri, * * *"

Nowhere in the amended information does it state that after sentence was imposed the appellant was either subsequently placed on probation or paroled or fined or imprisoned therefor.

We find the information to be fatally defective. In State v. Watson, Mo., 383 S.W.2d 753, the court in reviewing an information stated that the information failed to indicate that the defendant had been imprisoned and even though the information said that the defendant was thereafter received at said penitentiary on January 30 and thereafter was discharged from said penitentiary, that this language was improper and the allegations of that amended information were not sufficient to invoke the provisions of the Habitual Criminal Act. The court reversed and remanded the cause to the trial court because of the insufficiency of the information. In State v. Wiley, Mo., 412 S.W.2d 485, the court again reversed and remanded because the amended information failed to allege the statutory requirement of being subsequently placed on probation, parole, fined or imprisoned. The court subsequently states that Section 556.280, supra, is highly penal and must be strictly construed and both the prior conviction and subsequent imprisonment therefor must be pleaded and proved. We therefore find the information in this case to be insufficient. Judgment is reversed and the cause is remanded.

DONNELLY, P. J., and JOHN J. KELLY, Jr., Special Judge, concur.