**STATE of Missouri, Respondent,**

v.

**Gregory Lewis LUCAS, Appellant.**

**No. KCD 27543.**

Missouri Court of Appeals,
Kansas City District.

March 3, 1975.

Henri J. Watson, Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, K. Preston Dean, II, Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Defendant appeals his conviction and sentence of twenty years in the custody of the Missouri Department of Corrections for robbery, first degree, under § 560.120 RSMo 1969, V.A.M.S.

Defendant was tried under the Habitual Criminal Act or sometimes referred to as the Second Offender Act, § 556.280 RSMo 1969, V.A.M.S. On this appeal the facts are not in dispute and the only point defendant raises concerns the applicability of the Habitual Criminal Act to this offense.

On January 3, 1974, defendant entered a plea of guilty to a charge of robbery, first degree. Defendant was allowed to remain

at liberty on bond pending a pre-sentence investigation. When the matter came on for hearing on the matter of sentencing on that charge, the defendant failed to appear and a capias was issued. On August 12, 1974, defendant had been apprehended and appeared on that charge to receive a five-year sentence.

On the same day, August 12, 1974, the State filed an amended information in the case at bar in which it was alleged "on the 3rd day of January, 1974, at the County of Jackson, State of Missouri, (defendant) plead (sic) guilty to robbery in the first degree and that on the 12th day of August, 1974, he was sentenced to five years in the Missouri Department of Corrections; that thereafter on the 18th day of March, 1974" and continued to allege facts showing a violation of § 560.120 RSMo 1969, V.A.M.S., constituting robbery, first degree. Pursuant to the requirements of § 556.280, the court held a hearing out of the presence of the jury and heard evidence of the previous offense with which the defendant was charged and to which he pleaded guilty as set out above. The court then found the Habitual Criminal Act applied and the jury was instructed with reference to guilt or innocence, but was not instructed to impose any punishment. After the jury returned a verdict of guilty, the court imposed a sentence of twenty years.

On this appeal the defendant and the State have agreed on an abbreviated transcript since the sole question raised relates to the sufficiency of the amended information and the proof of the previous offense to bring this case within the operation of § 556.280.

The defendant claims the amended information did not properly charge the defendant under the Habitual Criminal Act because it failed to allege that defendant was placed on probation, paroled, fined or imprisoned for the prior offense; that the evidence adduced was insufficient to support a finding that the Habitual Criminal Act applied; and for the reason the offense charged in the case at bar occurred prior to the time the defendant was sentenced on his previous offense.

The State does not deny the amended information fails to allege defendant was sentenced and imprisoned on a previous conviction prior to the commission of the offense in this case. Rather, the State admits the defendant had not been sentenced and was not imprisoned prior to the time the offense here was committed. The State's argument is that the Habitual Criminal Act should apply because it was of the defendant's own making, and a result of the defendant's own wrongdoing, in failing to appear for sentencing when he should have. This prevented the defendant from having been sentenced and imprisoned on the previous offense prior to the commission of the offense charged in this case, the State argues. The State concludes by contending the defendant will benefit from his own wrong if the Act is held not to apply.

A reading of the amended information as set out above reveals the complete inapplicability of the Habitual Criminal Act to the offense now under consideration. The allegation that defendant pleaded guilty on August 12, 1974, and *thereafter* on the 18th day of March, 1974, committed acts constituting robbery, first degree, shows beyond a doubt this offense was committed prior to either sentencing or imprisonment or other disposition of the previous offense.

▮ § 556.280 provides after a person is convicted and "shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony", the Act applies and the court sets the punishment. It is clear from the wording of the statute itself that it does not apply until sentence has been imposed and punishment, either by way of probation, parole, fine or imprisonment, has been adjudged for the prior offense. This is also the holding of our Supreme Court. In State v. Blackwell, 459 S.W.2d 268 (Mo.

banc 1970) the court held this Section required a sufficient allegation in the indictment or information to bring it within the Habitual Criminal Act and further required proof sufficient to establish those things required by the Act "that defendant was convicted of a prior offense punishable by imprisonment in the penitentiary; that he was sentenced therefor; and that he was subsequently placed on probation, paroled, fined or imprisoned therefor. If these elements of proof are not present, the statute may not be invoked".

 Here it is not only obvious, but conceded, the amended information did not charge, nor the proof show, this defendant committed the offense here considered subsequent to sentence and imprisonment for the previous offense as required by the Act. It is further apparent the State could not have accurately charged this defendant under the Act because the facts in this case would not justify such allegations.

It is too well settled to admit of prolonged discussion that the Habitual Criminal Act requires both allegation and proof of the commission of a previous offense punishable by imprisonment in the penitentiary, and subsequently to be sentenced and placed on probation, paroled, fined or imprisoned therefor, and to be thereafter charged with having committed a felony. Here the State was not able to allege or prove either the prior sentence or imprisonment in relation to the felony charged in this case. It is thus clear the act did not, and can not, apply to this charge. See State v. Gordon, 344 S.W.2d 69 (Mo. 1961); State v. Martin, 441 S.W.2d 376 (Mo.1969), and State v. Wiley, 412 S.W.2d 485 (Mo.1967).

 Since the Act did not apply to the offense here considered, the defendant was entitled to have his punishment decided by a jury. State v. Wiley, *supra*.

 This court is not condoning or rewarding the defendant for his failure to appear on the first offense for sentencing. This court is only applying the strict construction to the Act which it must do in view of its penal nature. State v. Wiley, *supra*. If there is a necessity for the situation which exists here to be brought within the provisions of this Act, then such must be done by the Legislature since it cannot be done by this court.

For the above reasons, the judgment is reversed and the cause is remanded for a new trial without applying the provisions of § 556.280 as to the previous offense here alleged.

All concur.