STATE of Missouri, Respondent,

v.

Reginald NELSON, Appellant.

No. 36222.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 23, 1975.

Motion for Rehearing or Transfer
Denied Jan. 23, 1976.

Application to Transfer Denied
March 8, 1976.

Charles D. Kitchin, Public Defender, Richard A. Knutson, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., St. Louis, John C. Danforth, Atty. Gen., Preston Dean, Scott A. Raisher, Asst. Attys. Gen., Jefferson City, for respondent.

SMITH, Chief Judge.

Defendant was convicted of three counts of first degree robbery upon a verdict of a jury and was sentenced to five years on each count, the sentences to run consecutively. He appeals.

A group of people were assembled at the apartment of Rodgers Haines on the night of the robbery. Someone knocked on the door and upon response Mr. Haines went out into the hall. He stated that something was sprayed into his eyes which temporarily blinded him and twelve dollars was taken from him. He saw one man, not the defendant, but no weapons. Immediately thereafter, two men, the one seen by Haines, and defendant came into the room. Defendant was holding a sawed-off shotgun on the people in the room and the other man took money from those people. Four of those people identified defendant as the man with the shotgun. Defendant presented an alibi defense.

Defendant contends the court erred in failing to direct a verdict of acquittal as to Count I, the robbery of Mr. Haines, because there was no evidence that the robbery was effected by means of a dangerous and deadly weapon as charged in the information. Robbery in the first degree occurs when the property is taken from a person by violence or by placing the person in fear of injury. Sec. 560.120 RSMo 1969. That the crime is committed by means of a dangerous and deadly weapon is not an element of the crime, but does enhance the possible maximum penalty. Sec. 560.135, RSMo 1969 and *State v. Spencer*, 486 S.W.2d 433 (Mo.1972); *Keeny v. State*, 461 S.W.2d 731 (Mo.1971).

Allegations of use of a dangerous and deadly weapon are surplusage in an

information charging robbery in the first degree. The evidence here clearly establishes robbery in the first degree through fear and violence and defendant was not entitled to a judgment of acquittal even if the evidence failed to show a dangerous and deadly weapon. We need not reach therefore the question of whether the spray constituted such a weapon.

■ Defendant also complains of the trial court's failure to give a required instruction, MAI–CR 2.70—"Verdict Possibilities: Other than Burglary and Stealing—One Defendant—Multiple Counts Requiring Separate Verdicts." Defendant made no specific objection to this failure at trial and in his motion for new trial complained only generally of the trial court's failure to "adequately instruct the jury as to all questions of law applicable to the case." The matter has not been preserved for appellate review. See Rules 20.03, 27.20 and 78.07 V.A. M.R., and *State v. Mitchell*, 500 S.W.2d 320 (Mo.App.1973). Nor do we find any manifest injustice under Rule 27.20 (the plain error rule) as the other instructions given clearly advised the jury that each count was to be considered separately.

■ Defendant's final point is that the Court erred in permitting Haines to "identify" defendant because Haines didn't see defendant. We do not interpret Haines' testimony as defendant does. Throughout the trial one of the men committing the robbery was known to the witnesses as "Butch". Haines' testimony was that defendant was known as "Butch". It was made clear by Haines, the assistant circuit attorney, and defense counsel that Haines could not identify the defendant as one of the robbers. We find neither error nor prejudice in permitting Haines to identify defendant as a man known to him as "Butch".

Judgment affirmed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.