**STATE of Missouri, Plaintiff-Respondent,**

v.

**James Clinton McINTYRE, Defendant-Appellant.**

**No. 10379.**

Missouri Court of Appeals, Springfield District.

Oct. 14, 1976.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Donald R. Rhodes, Bloomfield, Arthur T. Stephenson, Caruthersville, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant Clinton James McIntyre was convicted by a jury of the first degree robbery of a Hayti, Missouri, liquor store operator and his punishment assessed at ten years imprisonment. His motion for new trial was overruled and following allocution, sentence was imposed and judgment entered. We affirm.

The defendant's principal contention in this appeal is directed to evidence [money bag and contents and two pistols] used by the state at trial. Defendant's earlier motion to suppress these items because of an alleged impermissible search and seizure was overruled following a pre-trial hearing.[1]

---

1. Defendant shared a bedroom with an apartment tenant. The tenant consented to the search of the apartment. The items were found hidden in the bedroom. Aside from the

Initially, we note that the defendant's motion for new trial was not timely filed. Rule 27.20, V.A.M.R., is cast in mandatory language and requires a motion for new trial in a criminal case to be filed within ten days after the return of the verdict unless, on application, the time is extended as set forth in the rule.

 Here, the jury verdict was returned on April 16, 1976. At the request of the defendant the trial court granted him 15 days in which to file a motion for new trial. The motion for new trial was not filed until May 3, 1976, two days beyond the time allowed. Being untimely, the motion for new trial is a nullity and preserves nothing for appellate review. *State v. Stevens*, 529 S.W.2d 670 (Mo.App.1975). We are bound to recognize the late filing of the motion for new trial sua sponte as neither the court nor the parties can waive the requirements of Rule 27.20.

We have reviewed those matters required by Rule 28.02 and find no error.

The judgment is affirmed.

All concur.

tenant's consent, the defendant specifically stated he had no objection to the admission of the items when offered at trial. *See, State v.*

*Ealey*, 519 S.W.2d 314 (Mo.App.1975), for proper steps to keep the issue of an alleged unlawful search and seizure "alive".