**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry R. BROWN, Defendant-Appellant.**

**No. KCD 28201.**

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Motion for Rehearing and/or Transfer
Denied Nov. 29, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Douglas G. Mooney, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Defendant appeals from concurrent sentences of five years on each of two counts of narcotics possession. The sentences were court imposed when the jury returned guilty verdicts on each count but were unable to agree on punishment.

Defendant raises the single issue that the trial court erred in failing to give MAI–CR 2.70. This has not been preserved for direct review.

■ The record shows that the jury returned its verdict on May 21, 1975, and the trial court granted the defendant ten additional days or a total of twenty days to file the motion for new trial. The motion was not filed until June 18, some eight days after the time had expired. A tardily-filed motion for new trial is a nullity and preserves nothing for consideration. *State v. Morse,* 526 S.W.2d 432 (Mo.App.1975); *State v. Nelson,* 526 S.W.2d 56 (Mo.App.

1975); *State v. Richardson,* 519 S.W.2d 15 (Mo.1975).

Thus, our review can only be under the plain error provision of Rule 27.20 despite the fact that both the State and the defendant briefed and argued the case as if the point was preserved.

■ We are clearly bound by *State v. Sanders,* 541 S.W.2d 530 (Mo. banc 1976), which holds that the failure to give a mandatory instruction reviewed as plain error requires a finding of manifest injustice before reversal will be warranted. The St. Louis District has also held that a failure to give mandatory instructions is reviewable under the plain error rule but that manifest injustice must appear. *State v. Johnson,* 537 S.W.2d 816 (Mo.App.1976); *State v. Nelson,* 532 S.W.2d 855 (Mo.App.1975). Both these last cited cases involved the omission of MAI–CR 2.70.

■ On the basis of that standard of review, a short statement of the facts will suffice to show that no manifest injustice is present in this case. A police officer in response to a call to apprehend a person for disturbance of the peace observed the defendant, who fitted the general description given for the person to be apprehended, getting into an automobile. The officer asked the defendant to get out of the car, but as the defendant was doing so, he placed his right hand in his right front pocket. The officer grabbed the defendant's hand and jerked it out of his pocket, apparently apprehensive that he might be seeking a weapon. During this episode, the defendant threw a film container on the ground. Within the container were two cellophane wrappers and two pills. Upon analysis, both of the cellophane wrappers and the pills were found to contain different narcotics and the evidence so shows.

The general tenor of the defendant's testimony was that the police had planted the drugs upon him.

The court gave separate verdict directing instructions and on those separate verdict directing instructions, the jury found the defendant guilty of both offenses.

The thrust of the defendant's argument of this point is that the failure to give the cautionary instruction permitted the jury to find the defendant guilty of both offenses even though they may have believed only one of the substances was in fact a narcotic or even if they believed only one of the substances was actually in the defendant's possession. Defendant's argument continues that since the jury was not cautioned with respect to the use of evidence pertaining to one offense as proof of that offense only they might have used a belief of guilt on one count as evidence of guilt on the other count.

Upon the record in this case, the evidence is abundant that the defendant was in possession of both of the substances. There is no inherent weakness in the State's proof of either count. The jury could not have erroneously convicted the defendant on one of the counts. In those circumstances, no manifest injustice appears, and the judgment and conviction are affirmed.

All concur.