STATE of Missouri,
Plaintiff-Respondent,

v.

Willie GARRETT, Defendant-Appellant.

No. KCD 28765.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Clifford A. Cohen, Public Defender, Sixteenth Judicial Circuit, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

Willie Garrett, appellant pro se.

John D. Ashcroft, Atty. Gen., Michael Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant Willie Garrett appeals his conviction and a court-imposed sentence of twenty years imprisonment under the Second Offender Act. His appointed counsel raises an issue concerning error in the failure to suppress lineup identification and in-court identification on the ground that it was impermissibly suggestive, and the defendant, by pro se brief, raises the issue of the propriety of the application of the Second Offender Act because of the nature of the offense relied upon as the prior of-

fense. The judgment and conviction are affirmed.

The issue of submissibility is not raised, and a brief outline of the facts will suffice.

The robbery occurred at a convenience store in Kansas City, Missouri between 5:00 and 6:00 p.m. Two black men entered the store, one wearing a ski mask and the other covering his face with a stocking cap. They took money and three transistor radios. They were armed with a handgun.

■ Before proceeding to discuss the issue raised by appointed counsel, it should be noted that the motion for a new trial was out of time, having been filed more more than thirty days after the entry of the verdict in violation of Rule 27.20(a). Such a tardily-filed motion is a nullity and preserves nothing for review. *State v. Brown*, 543 S.W.2d 796 (Mo.App.1976); *State v. McIntyre*, 542 S.W.2d 793 (Mo.App.1976). The error was not briefed as plain error, and the only way in which the claim of error with respect to the trial court's action on the motion to suppress can be reviewed is sua sponte. When federally guaranteed constitutional rights of a defendant are involved, the court will sua sponte grant plain error review. *State v. Jackson*, 495 S.W.2d 80 (Mo.App.1973); *State v. Heinrich*, 492 S.W.2d 109 (Mo.App.1973); *State v. Sockel*, 490 S.W.2d 336 (Mo.App.1973). It is unnecessary in this case to make an extended analysis as to whether or not the error alleged in this case constitutes a matter of plain error that would be reviewed sua sponte because it is patent on this record that even if it were considered as plain error, the second requisite for granting relief under the plain error rule is absent. There is no manifest injustice because the admission of the identification testimony in this case, even if it were to be considered as plain error, is not prejudicial.

■ To illustrate this, a somewhat more detailed review of the facts is required. The identification testimony was the subject of a lengthy pre-trial motion to suppress. During that hearing, it was developed that the eye witnesses who identified at the lineup and at the trial were basing their identification upon the defendant's hair style, general build, and appearance since the mask prevented a clear view of the defendant's features. If that evidence stood alone as identifying the defendant as the perpetrator of this offense, a serious issue might be raised. However, the facts in this case indicate that it is almost a hot pursuit situation. At the time of the robbery, the two blacks left the store. Almost immediately thereafter a police car arrived on the scene, and the officer began what is described as an "area investigation." In the course of that, two children immediately across the street from the convenience store were queried, and they indicated that two men ran out of the store carrying two bags, and one of them had a ski mask on. The children watched the two run from the store to an apartment building in the immediate vicinity which they identified, both by street address and by taking the officer to the apartment building. The apartment building apparently consisted of two dwelling units having a common entrance. The officers entered and checked one of the dwelling units where only children were found. In the other dwelling unit, the one identified by the children by street number as being the place the men ran to from the convenience store, the officer found the defendant, another individual, and an adult female, as well as a small child. The officer made a cursory search for other individuals, arrested the defendant's companion pursuant to a computer check which revealed he had outstanding warrants and questioned the defendant as to whether anyone else had been in the apartment, to which he replied in the negative. A detective then arrived and, pursuant to a consent, made a more detailed search of the premises. In the course of the search he recovered the three radios which were unequivocally identified as the loot from the convenience store, a paper sack of the type used to carry the money away from the robbery and which was a brand of paper sack used at the convenience store. This sack contained change. A weapon was found which was identified by the eye witnesses as "similar

to" or "looking like" the weapon used in the robbery. The detective then placed the defendant under arrest and the defendant attempted to pass to the adult female a roll of bills which was confiscated by the officer. These bills were of the denomination and approximate amount taken in the robbery. The two youngsters who led the police to the apartment unequivocally identified the apartment where defendant was found as the one to which the robbers fled.

It is clear from the entire record that the perpetrators of the robbery were in view from the time they exited the convenience store to the time they entered the designated apartment building. That, coupled with the denial by the defendant of any other person's entering the apartment, makes the inference inescapable that the defendant and his companion were the perpetrators. That inference is further strengthened by the recovery of the loot and the weapon. Under these circumstances, the eye witness identification is only incidental to the proof in this case. The record shows that it was not emphasized nor treated by the state as basic to its proof of the offense, the entire thrust of the evidence being towards the chain of evidence connecting the defendant with the offense.

 The defendant, in his pro se brief, raises two points. One point he conceded by reply brief was frivolous. The second point consists of a claim that the information does not plead his incarceration as required by the Second Offender Act, § 556.-280 RSMo 1969. The defendant relies on *State v. Martin*, 441 S.W.2d 376 (Mo.1969) and *State v. Wiley*, 412 S.W.2d 485 (Mo. 1967). *Martin* and *Wiley* were based upon the holding in *State v. Watson*, 383 S.W.2d 753 (Mo.1964), and *Watson* was overruled in *State v. Ellifrits*, 459 S.W.2d 293, 296 (Mo. banc 1970). In *Ellifrits*, the court held that the specific language of imprisonment need not occur in the information so long as the information contains an allegation from which an inference would arise that the defendant had been incarcerated or placed on probation or parole. In the instant case, the information charges the defendant with

being sentenced pursuant to 18 U.S.C.A. § 5010(c). That section of the federal statute provides that such a sentence is in the custody of the Attorney General of the United States. The control and management of federal penal system is, by statute, imposed upon the Attorney General. 18 U.S.C.A. § 4001. A reading of the federal statutes indicates that he was not conditionally released, requiring the finding that he was committed to some penal or correctional institution. Factually, there can be no dispute that the defendant was in prison pursuant to the federal sentence since he testified at length concerning his incarceration in the federal system. An attack such as this on an information after verdict without prior motion to the court requesting a statement of particulars is insufficient to avoid the conviction.

Judgment of conviction affirmed.

All concur.