**STATE of Missouri, Respondent,**

v.

**Donald L. McENTIRE, Appellant.**

**No. KCD 29978.**

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 27, 1978.

Joe L. Moseley, Asst. Public Defender, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Eric Martin, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, WELBORN, Special Judge, and PRITCHARD, J.

PRITCHARD, Judge.

Upon a finding that appellant was a second offender, the court sentenced appellant to consecutive terms of imprisonment of ten years each upon a jury's separate findings of guilt upon two counts charging the sales of a controlled substance, Lysergic Acid Diethylamide.

The sole point relied upon is: "The trial court committed plain error in failing to give mandatory MAI–CR 2.70 which directs the jury to consider the evidence separately as to each count and thereby resulted in a manifest injustice prejudicing the defendant." Plain error is asserted under Rule 27.20(c), because the here contended error

was not presented to the trial court in the motion for new trial.

The charges of the sales of the controlled substances are, Count I, on July 24, 1975, and Count II, on July 30, 1975. Otherwise than the dates, the allegations are identical.

MAI–CR 2.70 is: "The defendant is charged with a separate offense in each Count submitted to you. Each offense and the evidence and law applicable to it should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose should not be considered by you as to another offense charged or for any other purpose. [Paragraph] You may find the defendant guilty or not guilty on any or all of the Counts submitted against him * * *. [Paragraph] You should render a separate verdict as to each Count submitted against the defendant." Separate verdicts were here rendered against defendant on each count of the charge upon forms supplied to the jury for each of the possible verdicts in the case. In each of the separate verdict directing instructions upon each Count, there was a concluding paragraph: "However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense." There was also an instruction given directing acquittal if there was a reasonable doubt as to any count.

 It is, of course, error to fail to give a mandatory instruction. It was, however, held in *State v. Brown*, 543 S.W.2d 796, 797[2] (Mo.App.1976), citing *State v. Sanders*, 541 S.W.2d 530 (Mo. banc 1976), that failure to give a mandatory instruction reviewed as plain error requires a finding of manifest injustice before a reversal will be warranted. In *State v. Minor*, 556 S.W.2d 35 (Mo. banc 1977), where the claimed error in the failure to give MAI–CR 2.70 was properly preserved, the court found no prejudice where separate verdict directors were given directing acquittal if the jury did not believe every element, and there were four appropriate verdict forms further referencing the counts and crimes, which instruc-

tions are similar to the ones above noted. In *State v. Arrington*, 559 S.W.2d 749, 750 (Mo. banc 1978), the court reviewed as plain error the failure to give MAI–CR 2.70, and found no prejudice because "Upon reading all of the instructions, taken together, it is clear that the jury knew that it could find appellant guilty or not guilty on either or both counts." See also *State v. Boyington*, 544 S.W.2d 300 (Mo.App.1976); *State v. Johnson*, 537 S.W.2d 816 (Mo.App.1976); and *State v. Nelson*, 532 S.W.2d 855 (Mo. App.1975). All of these cases require that appellant's sole point be ruled against him.

The judgment is affirmed.

All concur.