**Larry Ray BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 30479.**

Missouri Court of Appeals,
Western District.

Oct. 29, 1979.

Philip H. Schwarz, McMullin, Wilson & Schwarz, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, C. J., Presiding, WELBORN, Special Judge, HOUSER, Senior Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from denial of relief, after hearing, on proceeding under Rule 27.26.

Larry Ray Brown was convicted, upon a jury trial in the Jackson County Circuit Court, of two counts of narcotics possession. He was sentenced to concurrent five-year terms. On appeal, the judgment was affirmed. *State v. Brown,* 543 S.W.2d 796 (Mo.App.1976).

Brown filed a motion under Rule 27.26 to set aside the judgment. The sole ground

stated in the motion, in any manner supported at the 27.26 hearing, was that he received inadequate assistance of counsel because trial counsel had failed to file a motion for new trial within the required time, with the result that the only assignment of error reviewed by the court on his appeal was considered under the plain error standard of review (Rule 27.20(c)). (Appellant's motion alleged that this dereliction on the part of trial counsel was intentional. He also alleged that trial counsel "did intentionally sabotage" his case. No evidence to this effect was produced. The trial court found nothing to support the allegations and such conclusion is not contested.)

The reported opinion in *Brown* shows clearly what happened at the trial level and the court's approach upon the review. The alleged error lay in the failure of the trial court to give MAI–CR 2.70. That instruction emphasized to the jury that it must consider each count against the defendant separately. Giving of the instruction was mandatory. Rule 20.02(a). This court reviewed the error under *State v. Sanders*, 541 S.W.2d 530 (Mo. banc 1976), which required a finding of "manifest injustice" before error in failing to give a mandatory instruction could produce a reversal under plain error review. Rule 27.20(c). This court found no "manifest injustice" and affirmed the conviction.

The trial court in its findings on the 27.26 motion concluded that, under the facts of his case, the failure to give MAI–CR 2.70 at the trial was not prejudicial and the instruction error was harmless. It concluded that counsel's failure to file the motion for new trial within time did not deny movant a fair trial.

In this court, appellant's brief does not address the trial court's finding on this issue. Instead, counsel point to the statement in Sanders that, had the issue there presented been properly preserved for review and not been considered under the plain error rule, reverse and remand would then have been likely "as a matter of policy." 541 S.W.2d 533[5].

The instruction not given in *Sanders* was one covering the defense of excusable accident in a homicide case. That the comment there did not presage a per se rule of reversal for failure to give a mandatory MAI–CR is shown by *State v. Minor*, 556 S.W.2d 35 (Mo. banc 1977), where failure to give 2.70 had been properly preserved for appellate review. The court, finding no prejudice, refused to reverse the conviction because of the trial court's error.

In this case, the trial court on the 27.26 hearing followed the process employed in *Minor* and concluded that failure to give MAI–CR 2.70 was not prejudicial to appellant. That finding has not been shown to have been erroneous.

■ Prior to the 27.26 hearing, appellant's counsel replied negatively, when the court asked whether or not he wished to amend the 27.26 motion. Then, although the motion made no reference to such matters, appellant in his testimony asserted that his charge of inadequate assistance of counsel was based in part upon trial counsel's handling of a motion to suppress evidence. Specifically, he complained of the failure on the part of counsel to subpoena as a witness a police department employee to testify that at the time of appellant's arrest there was no warrant outstanding for the arrest of a person named Fields. The officer who arrested appellant testified that he originally approached appellant because of his resemblance to the description of Fields whom he had been directed to arrest on a peace disturbance charge. 27.26 counsel in his summation in the trial court added the complaint that trial counsel had not preserved the illegal search issue by objection at the trial or by including it in the motion for new trial.

In this court, appellant complains of the trial court's failure to make findings on this aspect of his claim. Inasmuch as the motion might have been considered amended according to the proof, the court could have addressed this issue specifically. However, the court's view is clear from his statement to 27.26 counsel in the course of his argument that "the state's evidence indicated no

prohibited search and seizure whatever, unless it were the contention that for some reason, the initial inquiry asking this defendant for his identity was improper."

In his appeal, appellant offers nothing to demonstrate that a valid search and seizure question existed in the case. He here advances no basis for arguing that the motion to suppress had merit and that the trial court's ruling on it should have been preserved for appellate review. He does suggest that the production of evidence of the nonexistence of the Fields warrant might have so impeached the testimony of the arresting officer that the trial court would have disbelieved that officer's testimony about the circumstances of the arrest. However, he offered no evidence to show that the claimed proof of the nonexistence of the Fields warrant was in fact available. Only the offers of proof at the original trial were presented.

■ No demonstration has here been made that the court's view that there was no prohibited search and seizure in this case was clearly erroneous. Absent a valid issue, counsel cannot be charged with inadequate assistance for failing to preserve the issue. *Tollison v. State*, 556 S.W.2d 455, 458[7] (Mo.App.1977).

Judgment affirmed.

All concur.