Willie GARRETT, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 30264.

Missouri Court of Appeals,
Western District.

Oct. 29, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 3, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke and Gary L. Gardner, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Hope E. Thurrott, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Willie Garrett's 27.26 motion was denied without an evidentiary hearing. On this appeal he contends he was entitled to a hearing and the appointment of counsel.

Garrett was convicted of robbery and sentenced to imprisonment for twenty years under the Second Offender Act. That conviction was affirmed by this court in *State v. Garrett,* 564 S.W.2d 51 (Mo.App.1978). In his 27.26 motion, Garrett claimed he was denied effective assistance of counsel because counsel filed a motion for new trial out of time. He contends this untimely filing deprived him of his right to appeal and mandated that his appeal be reviewed under the more rigid standard of plain error. Affirmed.

This court noted in *State v. Garrett, supra,* that the motion for new trial was untimely filed. However, this court considered the single point briefed by counsel that the trial court erred in refusing to strike lineup and in-court identification testimony in which Garrett was identified as one of two robbers. This court fully considered the facts involved in the identification and further recited at length the other testimony which directly traced Garrett from the scene of the robbery to a nearby apartment where he was found with items taken in the robbery. This court found no prejudice could have occurred to Garrett through the admission of the identification testimony on the facts and even if it had been reviewed as preserved the same result would have obtained because this court found no prejudice to Garrett.

The sole point raised by Garrett in his pro se brief in his prior appeal related to the application of the Second Offender Act for failure to allege incarceration. This court stated Garrett himself had testified extensively concerning his incarceration in a federal penal institution. Thus, the failure to

file a timely motion for new trial had no bearing on the determination of that point.

 The records in this case indicate no prejudice resulted to Garrett from the untimely filing of the motion for new trial and the denial of his 27.26 motion was proper. *Brown v. State,* 589 S.W.2d 368 (Mo. App.1979). There was no issue of fact raised by the motion and when the only issue is one of law, an evidentiary hearing is not required. *Jackson v. State,* 558 S.W.2d 816, 818[1] (Mo.App.1977). Further, when an evidentiary hearing is not required there is no necessity that counsel be appointed.[1] *Winston v. State,* 533 S.W.2d 709, 715[6–8] (Mo.App.1976).

The judgment is affirmed.

All concur.

---

1. This case was decided by the trial court prior to the decision in *Fields v. State,* 572 S.W.2d 477 (Mo.banc 1978).