**Willie GARRETT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 32313.**

Missouri Court of Appeals,
Western District.

Feb. 9, 1982.

Jeffery L. Alena, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C. J., Presiding, and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Movant-Appellant Willie Garrett was convicted of first degree robbery in the Circuit Court of Jackson County and appealed his sentence of twenty years. His conviction was affirmed in *State v. Garrett*, 564 S.W.2d 51 (Mo.App.1978), after plain error review. Appellant then filed a *pro se* Motion to Vacate under Rule 27.26 which was denied by the circuit court. That ruling was affirmed in *Garrett v. State*, 591 S.W.2d 89 (Mo.App.1979). A second 27.26 Motion was denied appellant in the trial court on October 28, 1980, and this appeal followed.

The judgment of the trial court is affirmed.

In his first 27.26 Motion appellant claimed ineffective assistance of counsel at trial because his court appointed attorney did not timely file a Motion For New Trial, resulting in the more rigid standard of plain error being applied to his appeal. This contention was addressed in *Garrett v. State, supra* at 89–90, the court determining that no prejudice resulted from the more stringent standard of review.

On this appeal, appellant contends that the trial court's denial of his second 27.26 Motion was erroneous for two reasons. First, because his trial counsel failed to file a timely Notice of Appeal (or timely file a motion for special order requesting an appeal out of time, *see* Rule 30.03) and second, because the trial court failed to comply with Rule 27.26(i) by not making adequate findings of fact and conclusions of law in its disposition of the first motion. Both of these contentions lack any merit.

■ As to appellant's first point, this court's records of the appeal of the original conviction show that appellant has not accurately stated the facts concerning the notice of appeal from his original conviction. Appellant *did* in fact file a motion for special order requesting an appeal out of time on April 28, 1976, and this court's order of May 5, 1976 granted this request. Appellant

then filed his notice of appeal on May 14, 1976. Thus, there was no prejudice to appellant whatsoever from this untimely notice of appeal, as the plain error review was only the result of appellant's failure to timely file a motion for new trial (that issue having been resolved in *Garrett, supra*). This court's order allowing appellant to file a late notice of appeal did not affect this court's review, thus appellant's first point is ruled against him.

■ Appellant's second point concerning the trial court's failure to issue proper findings of fact and conclusions of law in its denial of his first 27.26 motion does not concern a subject within the purview of a Rule 27.26 motion. Appellant had the opportunity to attack this alleged error on the direct appeal of his first 27.26 motion but failed to do so. This point could only be brought up in appellant's appeal of his first motion. The cases cited by appellant reverse for the trial court's failure to comply with Rule 27.26(i), but those cases were on the direct appeal of the first motion, not on an appeal of a subsequent motion to vacate as we have here. *See Durham v. State*, 473 S.W.2d 397 (Mo.1971); *Larson v. State*, 437 S.W.2d 67 (Mo.1969).

Judgment affirmed.