**JEFF ROBINSON BUILDING COMPANY, et al., Appellants,**

v.

**SCOTT FLOORS, INC., Appellee.**

No. A2940.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 18, 1982.

J. W. (Don) Johnson, Houston, for appellants.

Daniel J. Goldberg, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This appeal rises from a summary judgment in favor of appellee, plaintiff in the trial court, based on its suit on a sworn account. The issue is whether the allegations and annexed account of Plaintiff's Petition allege a prima facie sworn account case against the individual defendants. We hold it does not and reverse and remand as to the individual defendants.

We summarize the chronology of events for clarity. Appellee filed its suit on a sworn account against Jeff Robinson Building Company, a Texas corporation, and appellants Jeff Robinson and Penelope Robin-

son, individually, as directors of the corporation, alleging their use of the corporate veil to evade existing obligations of the corporation. Affixed to the original petition are the affidavit of Jerry Lee Scott, president of Scott Floors, Inc., and a copy of the account on which the suit is based. All three defendants joined in filing an unsworn general denial. Thereafter, appellee filed its motion for summary judgment contending as the basis thereof that appellants' answer was "insufficient in law to constitute a defense" to appellee's suit and that these pleadings showed there was no genuine issue as to any material fact, and thus appellee was entitled to judgment as a matter of law. The motion was accompanied by an affidavit of appellee's attorney in support of attorney's fees. No other summary judgment evidence was presented. No response to the motion for summary judgment was filed prior to the hearing on May 8, 1981, and the motion was granted on that day as to all three defendants according to recitations in the judgment and on the docket sheet. The Summary Judgment recites that the liability of the individual defendants was based on a cause of action for sworn account under Rule 185. The judgment was based on the insufficiency of appellants' original answer, a general denial, and not upon any Summary Judgment evidence other than an affidavit for attorney's fees. Before the judgment was signed on June 17, the individual appellants, Jeff and Penelope Robinson, filed an amended answer denying, under oath, the allegations in appellee's original suit relative to the alter ego theory as well as a Rule 185 sworn denial. Said answer was not timely filed and was not considered by the trial court. The trial court was well within its discretion in not considering the untimely filed amended answer. After the judgment was signed, the individual appellants filed a motion to vacate judgment and for a new trial alleging their failure to timely file an amended answer prior to the hearing on appellee's motion for summary judgment was the result of inaction and

mistake in that the amended answer was misplaced by appellant Jeff Robinson and, hence, was not signed until May 15, some seven days after the hearing at which summary judgment was granted. Appellants also allege a meritorious defense to the suit on a sworn account, denying they ever conducted business in their individual capacities. Said motion was denied on July 2, 1981. The individual defendants have perfected their appeal [1] and bring before this court three points of error.

In their first point of error, appellants contend the sworn account sued upon was insufficient under Tex.R.Civ.P. 185 and argue they are strangers to the transaction and, therefore, are not required to file a Rule 185 sworn denial.

Appellants rely on *Jones v. Ben Maines Air Conditioning, Inc.*, 621 S.W.2d 437 (Tex.Civ.App.—Texarkana 1981, no writ) to support their general allegation that the account itself is deficient. We note initially that neither the trial court nor this court has been apprised by appellants in what way the account fails to comply with the requirements of Rule 185. As *Jones* explains,

> The provisions of Rule 185 ... [require] that the plaintiff must set forth in his pleading a statement or invoice, or attach and incorporate such statement or invoice as an exhibit, which clearly identifies the nature of the items constituting the sworn account .... The systematic record ... must clearly identify the amount or nature of the labor done or of the materials furnished, the date that such labor was performed or materials furnished, the charge for the labor, and the charge for materials. *Id.* at 438.

The invoices before us, appended to appellee's petition as Exhibit A, are dated and specify the materials, the amounts thereof, their unit prices, their various subtotals, and an overall total due of $2,511.12. The accompanying affidavit of appellee's president clearly sets out that the factual allega-

---

1. The corporate defendant has not appealed and the judgment as to it is now is final. Our opinion does not encompass that part of the judgment.

tions in the petition are true, correct, and within his personal knowledge. Further, it stipulates "all just and lawful offsets, payments and credits have been allowed" and the amount stated is "due, owing and unpaid."

In our opinion, the above documents fall well within the requirements of Rule 185 and, in the absence of some specific showing of a deficiency, constitute a sound basis for a suit on a sworn account.

This leaves us with appellants' contention that they were strangers to the transaction and, as such, were not required to file a sworn denial pursuant to Rule 185.

■ Appellee relies on *Bishop v. B. L. Moorhouse Co.*, 619 S.W.2d 462 (Tex.Civ. App.—Corpus Christi 1981, no writ)[2], which states "if a sworn denial is not filed in compliance with Rules 93(k) and 185, T.R. C.P., the defendant may not dispute the receipt of the items or services, or the correctness of the stated charges." *Id.* at 464. Nevertheless, *Bishop* goes on to say the above rule as to the necessity of a sworn denial does "not apply to third parties who are strangers to the transaction." *Id.* at 465; *Boysen v. Security Lumber Co., Inc.*, 531 S.W.2d 454, 456 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Copeland v. Hunt*, 434 S.W.2d 156, 158 (Tex.Civ.App.— Corpus Christi 1968, writ ref'd n. r. e.). *See also Mann v. Jack Roach Bissonnet, Inc.*, 623 S.W.2d 716 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). If appellants were strangers to the transaction as they allege, the sworn denial under Tex.R.Civ.P. 185 was not required and their original answer, an unsworn general denial, sufficed to put at issue the allegations of appellee's petition as to these individual appellants. *Copeland* at 158. Appellee relies on *Bishop* in urging that appellants' waived their "strangers to the transaction" argument by not raising it in the trial court. We do not believe such an answer in the trial court is necessary where the plaintiff's own pleadings reflect the lack of a prima facie sworn account case against the appellants. As the court noted in *Boysen* the exception to Rule 185 requirements of a sworn denial where third parties are concerned "has been applied where the plaintiff's own pleadings—or the invoices or other evidence exhibited as the basis of the obligation—reflected that the defendant was not a party to the original transaction." *Id.* at 456. In the instant case, none of the invoices mention Penelope Robinson. The invoices are addressed to "Jeff Robinson," which is also the name of the corporate defendant.

■ Appellee's motion for summary judgment alleges as its sole ground that the original answer filed by appellants was "insufficient in law to constitute a defense to plaintiff's cause of action . . . ." Thus, we look to plaintiff's pleadings to determine whether appellants were required to file a sworn denial under Tex.R.Civ.P. 185. Appellee's amended petition begins as a suit on a sworn account, alleging that "goods, wares, merchandise and/or services" were sold and delivered to "Defendant." There is no indication in this part of the petition to which of the three named defendants this refers. The corporate defendant was sued on the sworn account and a final judgment was obtained against the corporate defendant on the account, from which no appeal has been taken. We must assume the "Defendant" mentioned in the sworn account allegation refers to such corporate defendant. More importantly, paragraph IV of the petition specifically states:

"THE INDIVIDUAL defendants are directors of Corporate Defendant and as such *they are brought into this suit as party Defendants by reason of their alleged utilization of the corporate veil to evade existing obligations* owed to Plaintiff. Plaintiff avers Corporate Defendant was insufficiently capitalized to meet the daily cash flow requirements of business and in truth and in fact was the alter ego of Individual Defendants, either one and/or both. The Plaintiff seeks to

2. We note that the court has granted appellant's motion to withdraw this opinion from publication.

establish the Individual Defendants' liability ... jointly and severally, with Corporation [sic] Defendant."
(emphasis added)

In our opinion, the above language clearly means that the appellants were sued, not on a sworn account, but on an alter ego theory of liability. The question before us is whether the amended petition makes a prima facie case of a sworn account against the individual defendants so as to require a Rule 185 sworn denial. We hold that it does not. The allegations of the petition referring to the individual defendants set out an alter ego theory of liability only. Thus appellants were strangers to the transaction sued upon and were not required to file a sworn denial under Rule 185. No allegation is made that goods were furnished to them as individuals.

Additionally, appellee argues that in the absence of a sworn denial of liability in the capacity sued under Tex.R.Civ.P. 93(c), appellants have waived the right to claim themselves strangers to the transaction. We disagree. Rule 93(c) is not a rule of evidence as is Rule 185 and failure to file a Rule 93(c) denial does not warrant summary judgment based on the pleadings alone as in a Rule 185 case. Further, we do not believe that a Rule 93(c) sworn denial is necessary to defend against the alter ego theory asserted by plaintiff.

Having determined that plaintiff's amended petition did not allege a prima facie Rule 185 sworn account case against appellants individually, we conclude that the unsworn general denial was sufficient to put at issue the allegations of their liability under an alter ego theory. Thus, the summary judgment was improper since it was based on the allegation that appellants' answer was insufficient.

Appellants' second and third points of error do not relate to the critical issue in this case and there is no need to discuss or consider them in view of our disposition of the case on the first point. We sever, reverse the judgment of the trial court, and remand for trial as to appellants Jeff Robinson and Penelope Robinson on the issue of appellants' individual liability under the alter ego theory of appellee's amended petition.